**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

VANG X. LOR,

                Plaintiff,

vs.                                Case No. 14-CV-216-FHM

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

                Defendant.

## OPINION AND ORDER

Plaintiff, Vang X. Lor, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's April 20, 2011, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Luke Liter was held January 30, 2013.  By decision dated February 15, 2013, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on April 28, 2014.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 47 years old on the alleged date of onset of disability and 51 on the date of the ALJ's denial decision She has no formal education, is unable to read or write, only speaks the Hmong language, and formerly worked as produce clerk. She claims to have been unable to work since February 6, 2009 as a result of diabetes mellitus, coronary artery disease, depression, anxiety, and obesity.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the exertional requirements of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), she is limited to simple, repetitive, routine tasks, she should avoid contact with the public, and is limited to superficial contact with co-workers and supervisors. [R. 18]. Although Plaintiff is unable to perform her past relevant work as a produce clerk, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative

sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that: the ALJ erred by failing to include all of Plaintiff's severe impairments in the RFC; the evidence showed that Plaintiff could not maintain employment; and the RFC failed to include moderate limitations the ALJ found to exist.

## Analysis

### RFC Finding

Plaintiff argues that the ALJ erred because he found at step two of the evaluative sequence that coronary artery disease, diabetes, and obesity were among her severe impairments, but "[n]o impairment reflecting the severe impairments due to coronary artery disease, obesity, or diabetes is included at all in the RFC." [Dkt. 10, p. 4].

The focus of a disability determination is on the work-related functional consequences of an impairment or condition, not the mere existence of an impairment. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences,

not the causes of a claimant's condition).   As a result, RFC findings reflect not impairments, but the functional limitations that flow from a Plaintiff's impairments.   20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  It is Plaintiff's responsibility to provide evidence of functional limitations resulting from her conditions.   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  Further, on appeal it is Plaintiff's duty to support arguments with references to the record and to tie relevant facts to the legal contentions asserted.  The court will not "sift through" the record to find support for the Plaintiff's arguments.  *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

Plaintiff has argued in general terms that the ALJ's RFC is wrong, but Plaintiff has not supported her argument by specifying what functional limitations she claims are demonstrated in the record that were not included in the RFC.[2]  The court finds that the ALJ accurately summarized the record and that his RFC findings are supported by substantial evidence.

---

[2]  The statute governing judicial review of Social Security disability rulings specifies that the findings of the Commissioner of Social Security shall be conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  The term "substantial evidence" does not mean undisputed or unequivocal.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  In the context of Social Security disability decisions, substantial evidence requires more than a scintilla, but less than a preponderance.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence."  *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).  Said differently, a decision is supported by substantial evidence unless the contrary evidence is so overwhelming that a conclusion different than the one made by the ALJ is compelled by that contrary evidence.

<u>Psychiatric Review Technique (PRT) Findings</u>

Plaintiff's remaining two propositions of error pertain to her contention that findings made by the state agency Disability Determination Services (DDS) expert and by the ALJ that she had moderate restriction in performing the activities of daily living, moderate difficulties in social functioning, and moderate difficulties in maintaining concentration, persistence, or pace were erroneously omitted from the RFC.  [Dkt. 10, pp. 4-6].

The findings of moderate restrictions and difficulties were made in the context of performing the Psychiatric Review Technique (PRT) analysis required by the Commissioner's regulations when there is evidence of a mental impairment that allegedly prevents a claimant from working.  20 C.F.R. §§ 404.1520a(e), 416.920a(e).  The PRT involves consideration of the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00 (C).  The findings related to the four broad areas of functioning are not RFC findings.  These findings are used to assess mental impairments for purposes of steps two (identifying severe impairments) and three (rating severity for the listings) of the sequential evaluation process.

It was not error for the ALJ to omit the PRT findings from the RFC.  The PRT findings are not expressed in work-related functional limitations and consequently are not appropriate for inclusion in the RFC.  *See e.g. Chrisman v. Colvin*, 531 Fed.Appx. 893, 897-898 (10th Cir. 2013)(discussing difference between PRT findings and RFC findings). The PRT findings cited by Plaintiff were made by Janice B. Smith, Ph.D., state agency Disability Determination Service (DDS) expert who reviewed Plaintiff's records and

rendered the PRT assessment. [R. 322]. In addition to assessing the four broad areas of functioning, as part of the PRT, Dr. Smith also rendered the opinion that Plaintiff appeared to be able to do "simple tasks without public contact from a mental standpoint." [R. 324]. Dr. Smith also completed a more thorough assessment of Plaintiff's ability to perform work-related mental tasks by completing a Mental Residual Functional Capacity Assessment (MRFCA). [R. 326-328]. There, Dr. Smith opined, as follows:

> Claimant is able to understand, remember, and carry out simple, but not detailed or complex, instructions under routine supervision. She is able to complete a normal work day and work week from a mental standpoint, and she can adapt to a work setting. She cannot relate effectively to the general public, but she is able to relate superficially to coworkers and supervisors about work matters.

[R. 328]. The ALJ incorporated Dr. Smith's opinion in the RFC. In light of Dr. Smith's opinion about Plaintiff's mental ability to perform work, the court finds that the moderate PRT findings do not support Plaintiff's assertion that she is unable to maintain employment.

Plaintiff argues that the RFC limitation to simple, repetitive, and routine tasks does not sufficiently incorporate the PRT finding of moderate difficulties in maintaining concentration, persistence, or pace. Without any discussion of the case, Plaintiff cites to *Jaramillo v. Colvin*, 576 Fed.Appx. 870 (10th Cir. 2014) as being supportive of her contention. *Jaramillo* is inapposite. In that case, the ALJ stated he gave great weight to the opinion of a Dr. Mellon who found Plaintiff had moderate limitations in the work-related areas of carrying out instructions, attending and concentrating, and working without supervision. However, the ALJ's RFC limitation to simple, routine, and repetitive tasks did not clearly relate Dr. Mellon's findings. Notably, Dr. Mellon's findings were not PRT ratings, but work-related limitations. In contrast to *Jaramillo*, in the present case, the ALJ's RFC

finding fully incorporated the work-related limitations Dr. Smith found to exist and expressed in the MRFCA. [R. 18, 21, 22, 324, 328]. Thus, the ALJ did not commit the error discussed in the *Jaramillo* case.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 9th day of April, 2015.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE